David A. Tilem (SBN 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Tel:888-BK PRO 4U    888-257-7648
(818) 507-6000 * Fax:(818) 507-6800
DavidTilem@TilemLaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**CHRESTOTES, INC.,**<br><br>Debtor. | Case No. **8:17-bk-12660-SC**<br><br>Chapter 11<br><br>**OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE; DECLARATION OF DOLLY VALDIVIA IN SUPPORT**<br><br>Date: September 14, 2017<br>Time: 11:00 a.m.<br>CtRm: 5C |

**TO HONORABLE SCOTT CLARKSON UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

   Chrestotes, Inc. ("Debtor") submits the following opposition to the Office of the United States Trustee's Motion to Dismiss ("MTD") filed on August 16, 2017 (PACER #29).

   The MTD is premised, for the most part, on Debtor's tardiness in addressing United States Trustee requirements for Chapter 11 filings and on its view that the case is not viable. At the initial Status Conference the Court directed Debtor to get up to

speed with the filing requirements within 10 days. As set forth below, Debtor has now done so.

**Item 1:    No Ability to Fund Plan of Reorganization**

The United States Trustee has expressed concerns that Debtor has no ability to formulate a feasible plan. Debtor respectfully disagrees.

Debtor has extensively amended its Schedules (which were originally filed on an emergency basis). See PACER #28. In summary, the Debtor owns and leases three single family residences. Debtor believes that each of them is generating market rent, and that this will provide a sufficient revenue stream to fund a Plan based on current market values of the properties.[1]

To advance its case, the Court has authorized Debtor to employ an appraiser who will provide fair market values and fair rental values for each of the properties.

**Item 2:    Cash Collateral**

The MTD asserts that Debtor has violated cash collateral provisions by using funds post-petition without an order of this Court.

Debtor is aware of, and appreciates the restrictions on use of cash collateral. Among other things, Debtor has opened segregated accounts to receive the rental income from each of the properties. At no time since the case was filed has Debtor used rental income from one property to pay any of the expenses of a different property. Finally, Debtor has had no occasion to use any of the

---

[1]  At the Status Conference, Debtor reported that rent on one of the properties which is being occupied by the son and daughter-in-law of the Debtor's principals had not been paid. This situation has been corrected and rent due since the case was filed has been paid. See attached Declaration of Dolly Valdivia.

rental income from the properties located at 779 Arbolado or 830 Arbolado. Debtor has used some of the rental income for the property at 820 Mesita to make repairs at 820 Mesita.

Debtor's counsel has since reviewed the various deeds of trust encumbering the property located at 820 Mesita in connection with a motion under §363(b) to replace the roof at that property. (PACER #39). Based on that review, Debtor does not believe that any of the trust deed holders has, or has perfected a security interest in the rental income generated by that property. Accordingly, Debtor believes that the rental income from that property is not cash collateral.

To the extent that Debtor is incorrect in its view about the existence of cash collateral, Debtor's sole use of the rental income since the case was filed was to address an emergency situation. The case was filed on July 1, 2017. That same weekend, a pipe broke flooding several rooms. Debtor engaged a plumber to make emergency repairs and used rental income to pay the plumber. Clearly this was an exigent which arose during a holiday weekend. Emergency action was required to protect property of the estate and obtaining leave of Court was all but impossible.

Finally, in each of the Deeds of Trust, Trustor is obligated to take such action as may be necessary to protect the property. Debtor has yet to do appropriate research, but believes that this may constitute "consent" such that Debtor was free to use cash collateral for that purpose.

**Item 3:   Compliance**

The MTD sets forth that the Debtor has not satisfied the 7-Day compliance which is required of all new Chapter 11 Debtors.

1  Specifically, the U.S. Trustee was concerned about the following
2  items:

### Insurance

On or around August 17, 2017, Debtor submitted new insurance declarations for the rental properties to the U.S. Trustee. True and correct copies of the new insurance declaration pages are attached to the attached Declaration of Dolly Valdivia as "Exhibit A".

On or around August 24, 2017, Debtor submitted the insurance declaration for its vehicle, a 2013 Nissan Altima. A true and correct copy of the car insurance declaration page is attached to the Declaration of Dolly Valdivia as "Exhibit B."

### Real Property Questionnaires

On or around August 28, 2017, Debtor submitted amended real property questionnaires to the U.S. Trustee. True and correct copies of the amended real property questionnaires without exhibits which are long) are attached to the Declaration of Dolly Valdivia as "Exhibit C."

### Vehicle

On August 16, 2017, Debtor's amendments included reference to the 2013 Nissan Altima.

**Item 4:   Monthly Operating Reports**

The MTD noted that Debtor had not yet filed a June, 2017 Monthly Operating Report. That report was filed on August 17, 2017 (PACER #32).

**Miscellaneous Additional Item**

The Court had previously expressed concern that the son and daughter-in-law of Debtor's principals had yet to pay rent for July

1  and August, 2017.  That rent is now fully paid.  Copies of the
2  receipts are attached to the Declaration of Dolly Validivia as
3  Exhibit "D".

### CONCLUSION

5      For the foregoing reasons, Debtor requests that the MTD be
6  denied.

7  Dated: August 30, 2017          LAW OFFICES OF DAVID A. TILEM

                                    By: /s/ David A. Tilem
                                        David A. Tilem,
                                        Attorney for Debtor

## DECLARATION OF DOLLY VALDIVIA

I, Dolly Valdivia, hereby declare and state as follows:

1. I am the Corporate Secretary, a shareholder and a member of the Board of Directors of CHRESTOTES, INC. ("Debtor"), the debtor and debtor-in-possession in the above-entitled case.

2. The following statements are based on my personal knowledge. If asked to do so, I could and would testify to these statements.

3. On August 16, 2017, Debtor filed Amended Schedules with additional information regarding the properties and the Nissan vehicle (PACER #28).

4. On August 21, 2017 Debtor filed a motion to use cash collateral to replace the roof at 820 Mesita Place, Fullerton, CA (PACER # 39). A hearing is scheduled for September 14, 2017 at 11:00 a.m.

5. On or around August 17, 2017, Debtor submitted to the U.S. Trustee copies of insurance declarations pages for the rental properties. True and correct copies of those documents are attached as "Exhibit A".

6. On or around August 24, 2017, Debtor submitted to the U.S. Trustee a copy of the insurance declaration page for its 2013 Nissan Altima. A true and correct copy of this document is attached as "Exhibit B."

7. On or around August 28, 2017, Debtor submitted to the U.S. Trustee amended real property questionnaires. True and correct copies of the amended real property questionnaires (without exhibits which are long) are attached as "Exhibit C."

8. On August 17, 2017, Debtor filed a July, 2017 Monthly

1 | Operating Report (PACER #32).
2 |    9.  Debtor has received July and August, 2017 rent from my
3 | son and daughter-in-law. Copies of the deposit receipts are
4 | attached as Exhibit "D".
5 |    I declare under penalty of perjury of the law of the United
6 | States that the foregoing is true and correct and that this
7 | declaration was signed by me on August 31, 2017 at Glendale,
8 | California.

_____
DOLLY VALDIVIA